**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KULJIT SINGH,

Petitioner,

v.

GREGORY J. ARCHAMBEAULT, et al.,

Respondents.

Case No.:  3:26-cv-01076-RBM-BJW

**ORDER DISMISSING HABEAS PETITION ON SCREENING**

**[Docs. 1, 2]**

On February 19, 2026, Petitioner Kuljit Singh ("Petitioner") filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1) and a Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (Doc. 2). For the reasons below, the Petition is **DISMISSED without prejudice**.

## I.    DISCUSSION

The Court must screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

A petition for a writ of habeas corpus must "allege the facts concerning the [petitioner's] commitment or detention [and] the name of the person who has custody over

[the petitioner]." 28 U.S.C. § 2242. "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the [petitioner] is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). A petitioner's "failure to name the Facility Administrator [or warden] renders the district court's exercise of jurisdiction erroneous." *Doe v. Garland*, 109 F.4th 1188, 1194-95 (9th Cir. 2024); *see also Cruz Banos v. Alberran*, No. 1:25-cv-01634-DC-CSK (HC), 2025 WL 3312510, at *1–2 (E.D. Cal. Nov. 28, 2025) (finding the court lacked jurisdiction over a § 2241 petition where the petitioner failed to "name as a respondent the warden of the facility where he is detained"). Here, Petitioner does not name as a respondent the warden of Imperial Detention Facility. Therefore, summary dismissal of the Petition is required.

## II.    CONCLUSION

For the reasons above, the Petition (Doc. 1) is **DISMISSED without prejudice** and the TRO Motion (Doc. 2) is **DENIED as moot**. Petitioner may file an amended Petition and an amended TRO Motion addressing the issue identified above on or before **February 27, 2026**.

**IT IS SO ORDERED.**

DATE:  February 20, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE